This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                 NO. 29,722

**GREG LOMAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals his convictions for one count of burglary and one count of

larceny over $250.  [MIO 1; DS 2]  We proposed to affirm in a notice of proposed summary disposition, and pursuant to an extension, Defendant has filed a timely memorandum in opposition.  Remaining unpersuaded by Defendant's memorandum, we affirm his convictions.

**Sufficiency of the Evidence**

Defendant contends that there is insufficient evidence to support his convictions.  [MIO 2-3]  In reviewing the sufficiency of the evidence in a criminal case, we must determine whether substantial evidence, either direct or circumstantial, exists to support a verdict of guilty beyond a reasonable doubt for every essential element of the crime at issue.  *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998).  The evidence is reviewed in the light most favorable to the verdict, resolving all conflicts and indulging all permissible inferences to uphold the conviction and disregarding all evidence and inferences to the contrary, to ensure that a rational factfinder could have found each element of the crime established beyond a reasonable doubt.  *Id.*  Finally, we observe that it is for the factfinder to evaluate the weight of the evidence, to assess the credibility of the various witnesses, and to resolve any conflicts in the evidence; we will not substitute our judgment as to such matters.  *See State v. Roybal*, 115 N.M. 27, 30, 846 P.2d 333, 336 (Ct. App. 1992).

In our notice of proposed summary disposition, we reviewed the evidence and testimony introduced at trial in support of Defendant's convictions. In his memorandum in opposition, Defendant does not challenge our recitation of the evidence. [MIO 1-3] He also fails to challenge the analysis contained in our notice of proposed summary disposition, which resulted in our proposal to affirm. [MIO 2-3] Therefore, for the reasons set forth in our notice of proposed summary disposition, we hold that there was sufficient evidence to support Defendant's convictions.

**Motion for a New Trial**

Defendant claims that the district court erred in denying his motion for a new trial, his motion to reconsider the motion for a new trial, and his request for an evidentiary hearing based on allegations that one juror made a mistake in entering the verdict. [MIO 4; DS 10] He states that a juror wrote a letter to the judge prior to sentencing stating that she and another juror believed Defendant was not guilty of burglary but acquiesced in the verdict in order to go home. [MIO 2; DS 8-9]

We review the district court's decision to deny Defendant's motion for a new trial for abuse of discretion. *See State v. Garcia*, 2005-NMSC-038, ¶ 9, 138 N.M. 659, 125 P.3d 638. As discussed more fully in our notice of proposed summary disposition, Rule 11-606(B) NMRA specifically prohibits such an attack on the jury verdict. *See* Rule 11-606(B) (providing that a verdict may only be called into question

based upon a juror's allegations that "extraneous prejudicial information was improperly brought to the jury's attention," an "outside influence was improperly brought to bear upon [a] juror," or "there was a mistake in entering the verdict onto the verdict form"); *cf. State v. Maestas*, 2005-NMCA-062, ¶ 28, 137 N.M. 477, 112 P.3d 1134 (noting that "it is settled law that jurors may not impeach their verdict by affidavit after they are discharged"), *rev'd on other grounds*, 2007-NMSC-001, 140 N.M. 836, 149 P.3d 933 (filed 2006).

Again, Defendant fails to challenge or dispute the analysis set forth in our notice of proposed summary disposition on this issue. [MIO 4] Therefore, for the reasons set forth in our notice of proposed summary disposition, we affirm the district court's decision to deny Defendant's motion for a new trial or an evidentiary hearing.

For the foregoing reasons as well as those set forth in our notice of proposed disposition, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

4

_____

**TIMOTHY L. GARCIA, Judge**